IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL DUCHELLE GREEN,** )<br>    Plaintiff,                          )<br>                                              )<br>v.                                           )<br>                                              )<br>**MR. JOSHUA SALMON, et al.,**  )<br>    Defendants.                        ) | Case No. 7:22-cv-00514<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, seeking to hold the Blue Ridge Regional Jail Authority ("BRRJA") and other defendants liable for the use of excessive force against him while he was being held at the Halifax Adult Detention Center in February 2021. Court records indicate that Green has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, under the three strikes provision of the Prison Litigation Reform Act, Green may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] See, e.g., Green v. Towery, No. 7:21-cv-00341 (W.D. June 4, 2021); Green v. Beuckelaere, No. 7:21-cv-00342 (W.D. Va. June 4, 2021); Green v. Salmon, No. 7:21-cv-00171 (W.D. Va. May 28, 2021); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00207 (W.D. Va. Dec. 14, 2018); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00247 (W.D. Va. Oct. 30, 2018); Green v. Kazlauskas, No. 7:18-cv-00302 (W.D. Va. Oct. 30, 2018); Green v. Wang, No. 7:05-cv-00116 (W.D. Va. Feb. 25, 2005); Green v. Mardavich, No. 7:05-cv-00106 (W.D. Va. Feb. 22, 2005); Green v. Mardavich, No. 7:05-cv-00094 (W.D. Va. Feb. 16, 2005).

The imminent danger exception is triggered only if an inmate "alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th ___, 2022 U.S. App. LEXIS 22129, at *9 (4th Cir. Aug. 10, 2022), as amended (Aug. 18, 2022). The exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Thus, "past allegations of danger or threats of harm on their own are insufficient to satisfy the exception." Hall, 2022 U.S. App. LEXIS 22129, at *9 (emphasis omitted).

Having reviewed the complaint, the court concludes that Green's allegations do not satisfy the imminent danger exception. As indicated above, Green seeks to hold the defendants liable for an incident that occurred more than eighteen months ago at the detention center operated by the BRRJA. Green acknowledges that he was treated by an orthopedic specialist following the incident, who ordered a cane and a bottom bunk to address his knee problems. See Compl., ECF No. 1, at 3. He also acknowledges that he is no longer incarcerated at the detention center or any other facility operated by the BRRJA.[2] His complaint is devoid of facts from which the court could find that he is currently in danger of serious physical injury or that any future danger related to the claims asserted in his complaint is reasonably likely. Green's "[a]llegations of past harm do not suffice" to invoke the imminent danger exception. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); see also Riddick v. Mullens, No. 7:22-cv-00291, 2022 U.S. Dist. LEXIS 141542, *4 (W.D. Aug. 9, 2022) (concluding that the plaintiff

---

[2] According to the complaint, Green is now incarcerated at Pocahontas State Correctional Center, a facility operated by the Virginia Department of Corrections.

did not qualify for the imminent danger exception since his claims of excessive force and retaliation arose from an incident that occurred nine months before he filed suit and the plaintiff did not allege that he was currently in danger of serious physical injury).

Because Green has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: 09/02/2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.09.02 11:35:16 -04'00'

Michael F. Urbanski
Chief United States District Judge